Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 5 2022

at 11 o'clock and 20 min. A M
CLERK, U.S. District Court
"UNPAID, IFP SUBM"

Division

| | |
|---|---|
| William Barrett <br> *Plaintiff(s)* <br> (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) <br> -v- <br> Empire Airlines, Inc. <br> *Defendant(s)* <br> (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. **CV22 00350 DKW WRP** <br> *(to be filled in by the Clerk's Office)* <br><br> Jury Trial: *(check one)* ☒ Yes ☐ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | William Barrett |
| Street Address | 1407 Alhambra Dr |
| City and County | Apollo Beach, Hillsborough |
| State and Zip Code | FL, 33572 |
| Telephone Number | (352)409-0112 |
| E-mail Address | barrett.william.m@gmail.com |

B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Received By Mail
Date AUG 0 5 2022

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1
    Name: Empire Airlines, Inc.
    Job or Title *(if known)*: Aviation
    Street Address: 11559 N. Atlas Rd.
    City and County: Hayden, Kootenai
    State and Zip Code: ID, 83835
    Telephone Number: (208)292-3850
    E-mail Address *(if known)*: pete.broschet@empireairlines.com

Defendant No. 2
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 3
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Defendant No. 4
    Name:
    Job or Title *(if known)*:
    Street Address:
    City and County:
    State and Zip Code:
    Telephone Number:
    E-mail Address *(if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Empire Airlines, Inc. |
| Street Address | 11559 N. Atlas Rd. |
| City and County | Hayden, Kootenai |
| State and Zip Code | ID, 83835 |
| Telephone Number | (208)292-3850 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒ Other federal law *(specify the federal law)*:
Americans With Disabilities Act Amendment Act (ADAAA) of 2008, as amended.

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☒ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
June 26, 2020

C. I believe that defendant(s) *(check one)*:
- ☐ is/are still committing these acts against me.
- ☒ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☒ disability or perceived disability *(specify disability)*
  Allergic Rhinoconjunctivitis, Sinusitis, Rhinorrhea.

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See attachments.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

02/16/2021

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)*    5/17/2022 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

WHEREFORE, Plaintiff William Barrett, asks the court to order: 1) For actual, exemplary, and punitive damages against the Defendant in amounts to be proven at trial; $500,000.00; 2) For reinstatement and back pay; 3) For reimbursement of Plaintiff's costs and reasonable attorney's fees; 4) For such further and additional relief as this Court deems appropiate and just. Plaintiff prays for entitlement to damages or other relief, actual, exemplary, and punitive money damages but for Defendant's discrimnatory conduct.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   7/31/2022

Signature of Plaintiff   _/s/ W. Barrett_
Printed Name of Plaintiff   William Barrett

### B. For Attorneys

Date of signing:   _____

Signature of Attorney   _____
Printed Name of Attorney   _____
Bar Number   _____
Name of Law Firm   _____
Street Address   _____
State and Zip Code   _____
Telephone Number   _____
E-mail Address   _____

ATTACHMENTS

III. Statement of Claim:

1. Plaintiff is a qualified individual with a disability who was employed by Defendant Empire Airlines from November 07, 2017, through January 31, 2021. Defendant maintains a headquarters in Hayden, Idaho and provided Air Carrier services doing business as "'Ohana by Hawaiian" in the State of Hawai`i. Plaintiff's last position was Captain, he was under the medical advice of multiple doctors to remediate workplace mold, and due to physical illness, Plaintiff was unable to safely and effectively perform the necessary job functions of Captain due to his belief that there were unsafe aircraft. Plaintiff is informed and believes, and thereupon alleges discriminatory conduct by Defendant Empire Airlines.

2. Termination of Employment

On or about September 11, 2020, Defendant constructively terminated Plaintiff's employment as they will not schedule him or make efforts to address his request for accommodation due to his medical condition.

3. Failure to Accommodate

Beginning on or about August 18, 2019, Defendant became aware of Plaintiff's disability. From June 26, 2021 through January 31, 2021, Plaintiff requested accommodation of his disability, Defendant failed to grant Complainant's request for reasonable accommodation.

4. Unequal Terms and Conditions of Employment

Beginning on or about June 3, 2020 through January 31, 2021, Defendant placed unequal terms and conditions of Employment upon Plaintiff. Defendant constructively barred Plaintiff from receiving income and denied his access to scheduling portal.

ATTACHMENTS

5. <u>Retaliation</u>

Beginning on or about May 27, 2020 through January 31, 2021, Defendant ignored multiple repeated concerns made by Plaintiff concerning unsafe air quality and mold inside aircraft operated by Defendant, Defendant removed Plaintiff from schedule, Defendant suspended Plaintiff three days without pay, Defendant disabled Plaintiff's access to scheduling portal, Defendant canceled Plaintiff's bi-annual training, and un-invited Plaintiff from worksite.

<u>E. The facts are as follows:</u>

On or about May 27 and 28, 2020, Plaintiff discovered large amounts of mold growth in two different aircrafts (N804HC & N806HC) assigned by Empire Airlines to be operated by the Plaintiff. On the day of discovery, Plaintiff alerted Empire Airlines' maintenance staff and a manager to this health and safety issue. Defendant later reported that the mold allegedly had been cleaned. However, when Plaintiff was again assigned to fly one of these aircrafts, Plaintiff discovered that the mold had not been removed. Plaintiff could not operate the aircraft due to health and safety concerns.

On June 3, 2020, an Empire Airlines Manager, Empire Airlines mechanic, and a Hawaiian Airlines employee also observed the aircraft and the specific area of the aircraft with clear mold growth. However, instead of taking the necessary steps to resolve this health and safety issue, the Empire Airlines Manager threatened to send Plaintiff home and stated that Plaintiff needed to quit delaying the flight "over nothing but dirt".

On June 3, 2020, Plaintiff also wrote an email to the Empire Airlines head office in Idaho. On June 9, 2020, Plaintiff again emailed the same. However, both emails have gone

ATTACHMENTS

unanswered (emphasis added). Due to Empire Airlines' complete denial of his legitimate health and safety concerns, Plaintiff took samples of the mold from the aircrafts and submitted it for testing at two different laboratories. Both laboratories confirmed there was mold. Such reports were then submitted to Empire Airlines, however no action to remedy the mold appears to have been taken by Empire Airlines. Reportedly there have been concerns expressed by other employees of Empire Airlines regarding the unclean working conditions as well as concerns regarding the possibility of mold. However, it appears that there may be a systematic feigned ignorance by Empire Airlines regarding concerns expressed by its employees. Plaintiff previously expressed concern due to other health and safety issues such as concerns regarding, but not limited to, Covid-19 precautions, reporting fatigue, and employees' exposure to noise. All such expressions of concern were ignored, shrugged off, and/or responded to negatively by Empire Airlines' managers and directors.

     As Plaintiff suffered from physical illness for the past year or so, the discovery of the mold caused concerns that his health issues over the past year may have been related to the mold. Therefore, Plaintiff consulted his doctor. Dr. Virginia Abshier saw cause to order a chest x-ray and bloodwork. Due to concerns over his health, on June 8th, 9th, and 10th, 2020, Plaintiff emailed to be marked as sick. During his sick leave, Plaintiff consulted Dr. Abshier twice. The doctor prescribed medication to alleviate his symptoms believed to be caused by the mold. Dr. Abshier also issued a doctor's note stating that Plaintiff "was medically disabled from performing his/her regular duties from 6/8/20 and is expected to return to full duty with NO limitations on 6/20/20.".

     On a letter dated June 11, 2020, Empire Airlines' Human Resources suspended Plaintiff from working, without pay, for the 3-days wherein Plaintiff was scheduled to work (June 15, 16,

ATTACHMENTS

17, 2020). The reason given was that his "email notification to dispatch [for sick leave] is against the EIM 8.1.12.".

Upon his return to work, June 21, 2020, Plaintiff again observed mold in the aircraft. Unfortunately, due to the persisting mold, Plaintiff fell ill. Concerned for his health, Plaintiff was forced to report his sickness halfway through his shift and take sick time.

On a letter dated June 23, 2020, Dr. Virginia Abshier issued a letter providing a medical opinion that she finds his "history of symptoms while at the workplace that dissipate when he is not there to be compelling evidence that indeed he is allergic to at least some of the mold at his workplace…" and that Plaintiff "would benefit from the area being remediated of the mold." This letter was submitted to Empire Airlines' Human Resources on or about June 26, 2020 via email with a request for accommodations. It has come to the Plaintiff's attention that after sending the email, Plaintiff was marked as "sick" on June 29, 30, and July 1, 2020. On June 28, 2020, Empire Airlines responded, in part, to his request for accommodation, stating that Empire Airlines has removed Plaintiff from the schedule and will be responding to the request after further review.

On July 1, 2020, Empire Airlines' Human Resources emailed Plaintiff stating that they "need some additional information from your doctor in order to evaluate your accommodation request. In particular we need to better understand your medical condition, its effects on your ability to do your job, and what accommodations you need to do your job.". With that email they gave Plaintiff a form to be filled by his doctor. In the email, Empire Airlines also stated that: "While we are waiting on the requested information from your doctor, you will remain off the schedule on a leave of absence. We will pay out your PTO during this time so you can continue to draw pay.".

ATTACHMENTS

On or about August 15, 2020, a letter dated July 14, 2020 from Dr. Abigail S. Harada (an Asthma, Allergy, and Immunology specialist) and a letter dated August 6, 2020 from Dr. Christopher Regala (an Ear, Nose and Throat specialist) was submitted to Empire Airlines. Both letters addressed remedying the mold issue.

Although Plaintiff submitted letters from three (3) separate doctors regarding his medical condition, no actions were taken by Empire Airlines to remove the mold, let alone investigate the mold issue of the planes. Instead, Empire Airlines on or about September 11, 2020, it was discovered that Plaintiff was completely removed from the work schedule and his access to the scheduling portal appeared to have been revoked. Additionally, Empire Airlines did not schedule Plaintiff to attend bi-annual training that their employees participated in.

Defendant Empire Airlines has not taken any actions or made any efforts to remove the mold from the airplanes and only continues to rely on requesting additional information (while ignoring the letters from the various doctors).

Therefore, at this time Plaintiff believes his employment has been constructively terminated by Empire Airlines as they will not schedule him or make efforts to address his request for accommodation due to his medical condition. Defendant Empire Airlines extreme and outrageous conduct in discriminating against Plaintiff due to his disability and inability to safely perform the functions of his job was an intentional and/or reckless act and directly caused mental, financial, physical, and emotional harm to the Plaintiff. Plaintiff suffered extreme emotional distress resulting from the termination of employment, loss of income and from the discriminatory conduct of his employer.