IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM BARRETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMPIRE AIRLINES, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-00350-DKW-WRP<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS, AND (2) DIRECTING SERVICE OF THE COMPLAINT**[1] |

On August 5, 2022, Plaintiff William Barrett, proceeding pro se, filed a Complaint for employment discrimination against Defendant Empire Airlines, Inc., alleging, among other things, that Defendant "constructively terminated" his employment on account of his medical condition and in retaliation for concerns he raised about "mold" inside aircraft on which he worked. Dkt. No. 1. Barrett has also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

I.　**IFP Application**

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

demonstrates an inability to pay.  *See* 28 U.S.C. § 1915(a)(1).  While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, Barrett has made the required showing under Section 1915(a).  In the IFP Application, Barrett states that he does not receive any gross pay or wages, but, in the past 12 months, he has received a total of approximately $12,500 from past employment, benefits, and gifts from family.  Dkt. No. 3 at 1.  Barrett further states that he has about $11 in a checking or savings account and owns a car worth $7,900.  Barrett further states that he is currently staying with family, and thus does not have any stated monthly expenses, but has $10,000 in student-loan debt.  In light of these figures, Barrett's income falls below the poverty threshold identified by the Department of Health and Human Services' ("HHS") 2022 Poverty Guidelines.  *See* HHS Poverty Guidelines, available at: https://aspe.hhs.gov/poverty-guidelines.  In addition, Barrett has insufficient assets to provide security while still affording the necessities of life.  *See Escobedo v. Applebees*, 787 F.3d 1226, 1234-36 (9th Cir. 2015).  As a result, the Court GRANTS the IFP Application, Dkt. No. 3.

**II.     Service**[2]

Because Barrett has been granted leave to proceed *in forma pauperis*, and because Defendant has yet to be served with the Complaint, the Court finds that service of the summons and Complaint is appropriate. To facilitate service, the Court ORDERS as follows:

1. The Clerk's Office is directed to send to Plaintiff: one copy of the Complaint, Dkt. No. 1; one summons; one USM-285 form; one Notice of Lawsuit and Request for Waiver of Service of Summons form (AO 398); two (2) Waiver of Service of Summons forms (AO 399); an instruction sheet; and a copy of this Order. The Clerk shall also send a copy of this Order to the U.S. Marshal.

2. Should Barrett choose to use the U.S. Marshal to perform service of the summons and Complaint, he shall complete the forms as directed and submit the following documents to the U.S. Marshal in Honolulu, Hawaii: a completed USM-285 form; a copy of the Complaint; the summons; a completed Notice of Lawsuit and Request for Waiver of

---

[2] The Court subjects each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). At this initial stage of the proceedings, and without any responsive pleading from Defendant, the Court finds service of the Complaint to be appropriate.

   Service of Summons form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399).

3. Upon receipt of these documents from Plaintiff, the U.S. Marshal shall mail to the Defendant: a copy of the Complaint; a completed Notice of Lawsuit and Request for Waiver of Service form (AO 398); and two (2) completed Waiver of Service of Summons forms (AO 399), as directed by Plaintiff without payment of costs.  *See* Fed.R.Civ.P. 4(c)(3).

4. The U.S. Marshal shall retain the summons and a copy of the Complaint.  The U.S. Marshal shall also file a returned Waiver of Service of Summons form as well as any Waiver of Service of Summons form that is returned as undeliverable, as soon as it is received.

5. If the Defendant does not return a Waiver of Service of Summons form within sixty days from the date that such forms are mailed, the U.S. Marshal shall:

  a. Personally serve such Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

    b.    Within ten days after personal service is effected, file the return of service for such Defendant, along with evidence of any attempts to secure a waiver of service of summons and of the costs subsequently incurred in effecting service. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the U.S. Marshal's office in photocopying additional copies of the summons and the Complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2).

6. If Barrett does not wish to use the U.S. Marshal for service, he may serve the Defendant on his own, in compliance with Fed.R.Civ.P. 4.

7. Barrett is cautioned that if he fails to comply with this Order and his non-compliance prevents timely and proper service as set forth in Federal Rule of Civil Procedure 4(m), this action is subject to dismissal for failure to serve.

8. After service of the summons and Complaint, whether accomplished on his own or with the services of the U.S. Marshal, Barrett must

serve on Defendant or its attorney a copy of all further documents he submits to the Court. The U.S. Marshal is not responsible for serving these documents on Plaintiff's behalf. In addition, Barrett shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that a copy of the document was served on Defendant or its counsel, and the manner in which service was accomplished. Any paper received by a District or Magistrate Judge that has not been filed with the Clerk of Court or that does not include a certificate of service will be disregarded.

9.    Barrett is further notified that he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.

IT IS SO ORDERED.

Dated: August 9, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge